CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 05 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VICTOR MACEO DANDRIDGE, III, ) | |
| ) | |
| Appellant, ) | Civil Action No. 3:18CV00051 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| W. STEPHEN SCOTT, CHAPTER 7 ) | By: Hon. Glen E. Conrad |
| TRUSTEE FOR THE BANKRUPTY ) | Senior United States District Judge |
| ESTATE OF VICTOR MACEO ) | |
| DANDRIDGE, III, et al., ) | |
| ) | |
| Appellees. ) | |

Victor Maceo Dandridge, III, proceeding pro se, filed this appeal from an order entered by the United States Bankruptcy Court for the Western District of Virginia, in which the bankruptcy court approved a settlement agreement between W. Stephen Scott, the Chapter 7 Trustee ("Trustee"), and Thompson Davis & Co, Inc. ("Thompson Davis"), an investment management firm based in Richmond, Virginia. The settlement agreement provided, among other things, for the payment of $65,000.00 by Thompson Davis to the Trustee in exchange for the transfer and assignment of certain assets of the bankruptcy estate, including the debtor's shares of common stock in Thompson Davis. On October 19, 2018, the court granted the Trustee's motion to dismiss the appeal. A subsequent filing by the appellant, which was construed as motion for reconsideration, was denied by the court on November 15, 2018. The appellant has now filed a second motion for reconsideration. For the following reasons, the appellant's motion will be denied.

Federal Rule of Bankruptcy Procedure 8022 (formerly Rule 8015) "provides the sole mechanism for filing a motion for rehearing from a final order of the district court sitting in [its]

capacity" as a bankruptcy appellate court. Bli v. USA Farm Serv. Agency, 465 F.3d 654, 658 (6th Cir. 2006) (internal quotation marks and citations omitted); see also Aycock v. Eaton, 943 F.2d 536, 538 (5th Cir. 1991) (same). Under Rule 8022, a motion for rehearing must be filed within fourteen days after entry of judgment. Fed. R. Bank. P. 8022. The rule further provides that the "motion must state with particularity each of point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Id. Although Rule 8022 is silent as to the appropriate standard for granting a motion for rehearing, district courts in this circuit have applied the same standard applicable to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., Kelly v. Schlossberg, No. 8:17-cv-03846, 2018 U.S. Dist. LEXIS 153540, at *4 (D. Md. Sept. 12, 2018) (holding that "the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate"). Under Rule 59(e), district courts may alter or amend a judgment to correct a clear error of law or prevent manifest injustice. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, 674 F.3d 369, 378 (4th Cir. 2012). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id.

Applying these principles, the court concludes that the appellant is not entitled to relief under Rule 8022. In dismissing the instant appeal, the court concluded that the appellant lacked standing to challenge the approval of the settlement and the sale of the assets at issue, since the appellant had not shown that an alternative agreement could have been reached that would have rendered the bankruptcy estate solvent or resulted in a surplus being distributed to the appellant. See Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir. 1985) (concluding that a Chapter 7 debtor lacked standing to challenge the proposed sale of the bankruptcy estate's primary asset

2

because the debtor failed to show that an alternative sale of the property would return solvency to the estate or provide the debtor with a surplus); see also Hoy v. Atkeson, No. 3:15-cv-04860, 2016 U.S. Dist. LEXIS 73184, at *9 (D.S.C. June 6, 2016) ("The general rule in the Fourth Circuit is that a Chapter 7 debtor has standing only if he can demonstrate that he has a 'pecuniary interest in the distribution of his assets among his creditors.' To establish a pecuniary interest, a debtor must show a reasonable probability of a surplus distribution after all creditors' claims have been satisfied.") (quoting Willemain, 764 F.2d at 1022); In re Miller, No. 8:10-cv-02466, 2011 U.S. Dist. LEXIS 94994, at *10 (D. Md. Aug. 24, 2011) ("A reversal of the Bankruptcy Court's order would not render the estate solvent and would not produce a surplus for Appellants. Accordingly, under the holding of Willemain, Appellants lack standing to pursue this appeal.").

In seeking reconsideration, the appellant argues that the fact that some of his debts have been declared non-dischargeable affords him standing to pursue this appeal. The appellant contends that if the challenged sale of Thompson Davis stock is reversed and the stock sells for what the appellant believes is its actual value, more money will be available to pay the non-dischargeable debts for which he will remain responsible after bankruptcy. In support of this argument, the appellant relies primarily on the decision by the United States Court of Appeals for the D.C. Circuit in McGuirl v. White, 86 F.3d 1232 (D.C. Cir. 1996).

In McGuirl, the Court held that insolvent debtors had standing to challenge the trustee's application for administrative expenses because all of their debts were non-dischargeable. Id. at 1235–36. The Court reasoned that an excessive award of administrative expenses would reduce the funds otherwise available to pay the creditors to whom the debtors remained directly liable. Id. at 1236. Thus, the Court concluded that the debtors had a direct, non-remote financial

interest in challenging the fee application that was sufficient to give them standing. Id. at 1235–36. Although the Court recognized that limitations on standing in bankruptcy proceedings serve to ensure that bankruptcy proceedings are not unreasonably delayed by protracted litigation, the Court determined that granting standing in the "limited circumstances" presented "should not unreasonably delay bankruptcy proceedings." Id. at 1236–37.

After considering the parties' arguments, the court finds the appellant's reliance on McGuirl unpersuasive. Unlike the debtor in McGuirl, the appellant has not shown that reversing the bankruptcy court's decision will result in a non-speculative, direct financial benefit to him. See In re Miller, 2011 U.S. Dist. LEXIS 94994, at *12 (distinguishing McGuirl on this ground). Instead, the appellant argues that if the order approving the sale of Thompson Davis stock is reversed and the stock eventually sells for what the appellant believes is its actual value, he stands to benefit financially. The court remains convinced that such "speculative 'benefits' which might flow from reversal" of the order at issue are insufficient to establish standing. Id.; see also Friedberg v. Neier, 634 F. App'x 333, 335 (2d Cir. 2016) (rejecting the debtor's argument that he had standing "based on the surplus that he imagines would have remained had the Property been sold for what he believes was its true value," and observing that the "the assertions regarding the Property's 'true' value are conclusory and speculative"); Peoples v. Radloff, 494 B.R. 395, 398 (B.A.P. 8th Cir. 2013) (emphasizing that "[s]tanding may not be conferred when the interest alleged is speculative or contingent."); In re Adams, 424 B.R. 434, 437 (Bankr. N.D. Ill. 2010) (finding that Chapter 7 debtors lacked standing to object to the proposed sale of assets and noting that "granting standing to every debtor who happens to be

4

subject to some nondischargeable claim would interfere with the administration of chapter 7 cases"). Accordingly, the appellant is not entitled to rehearing on this issue.[1]

Moreover, even if the appellant could satisfy the standing requirements, his appeal would be subject to dismissal as equitably moot. The doctrine of equitable mootness is "[a]pplied principally in bankruptcy proceedings because of the equitable nature of bankruptcy judgments." Mac Panel Co. v. Va. Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002). The doctrine "allows a district court to dismiss an appeal when it becomes impractical and imprudent to upset the bankruptcy court's order at a late date." Parsons v. Matson, No. 3:17-cv-00827, 2018 U.S. Dist. LEXI 65804, at *4 (E.D. Va. Apr. 18, 2018) (citing Behrman v. Nat'l Heritage Found., Inc., 663 F.3d 704, 713 (4th Cir. 2011)). In making this determination, courts consider: "(1) whether the appellant sought and obtained a stay; (2) whether the parties have substantially consummated the sale of the property; (3) the extent to which the relief requested would affect the success of the sale of the property; and (4) the extent to which the relief requested would affect the interest of third parties." Id. (citing Mac Panel, 283 F.3d at 625).

In this case, the court agrees with the Trustee that the relevant factors support the determination that the instant appeal is equitably moot. First, Dandridge did not timely seek or obtain a stay of the bankruptcy court's order in the underlying proceeding. Second, the transactions contemplated by the settlement agreement, including the sale of Thompson Davis stock, have been consummated. On July 19, 2018, the Trustee filed a report advising that he had received the $65,000.00 payment for the sale of the appellant's assets on June 30, 2018, and that

---

[1] The appellant has moved to submit new evidence in support of the pending motion, particularly two pages of what appears to be a 2018 tax form. For the reasons stated in the Trustee's response, that motion will be denied. The evidence was not part of the record before the bankruptcy court, it has no identifiable author, and it does not undermine the bankruptcy court's finding that the settlement at issue, including the transfer of assets, was fair and equitable.

5

he had executed and mailed assignments transferring the debtor's interests in the identified assets. With respect to the third and fourth elements, the relief requested would undo the sale and substantially affect the rights of third parties. Considering all of these factors, the court concludes that the instant appeal would be subject to dismissal as equitably moot even if the appellant could establish standing. See id.; see also Myers v. Offit Kurman, P.A., 773 F. App'x 161, 162 (4th Cir. 2019) (finding that an appeal from a bankruptcy court's order granting the Chapter 7 trustee's motion for approval of a settlement agreement was equitably moot given that the agreement had been fully consummated and funds had been distributed accordingly).

For all of these reasons, the appellant's second motion for reconsideration will be denied.[2] The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the appellant and all counsel of record.

DATED: This 5th day of September, 2019.

                                                     Senior United States District Judge

---

[2] In light of the court's rulings, the court finds it unnecessary to address the Trustee's remaining arguments in opposition to the appellant's motion.